| | |
|---|---|
| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br>**NICOLAS A. DALUISO, #163553**<br>**JOE SOLSENG, #262127**<br>**ROBINSON TAIT, P.S.**<br>**710 Second Avenue, Suite 710**<br>**Seattle, Washington 98104**<br>**Telephone: (206) 876-3268**<br>**Fax: (206) 676-9659**<br><br>■ Attorney for Movant<br>__ Movant appearing without an attorney | FOR COURT USE ONLY |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| | |
|---|---|
| In re: Debtor(s).<br><br>**KEVIN RAY CARSON** AND **TAMARA MARIE CARSON** | CASE NO.: 8:12-bk-11560-TA<br>CHAPTER: 7 |
| | **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (WITH SUPPORTING DECLARATIONS) REGARDING REAL PROPERTY** |
| | DATE: June 19, 2012<br>TIME: 10:00 a.m.<br>COURTROOM: 5B<br>PLACE: 411 W. Fourth St., Santa Ana, CA |

**MOVANT: U.S. Bank National Association, as indenture Trustee of the GMACM Home Equity Loan Trust 2004 HE4**

**Movant is the (check one)**
__ Holder of Deed of Trust
X  Assignee of Holder of Deed of Trust
__ Servicing Agent of Holder of Deed of Trust or Assignee of Holder of Deed of Trust

1  NOTICE IS HEREBY GIVEN to the Debtor and trustee (*if any*)(Responding Parties), their attorneys (*if any*), and other interested parties that on the above date and time and in the stated courtroom, Movant in the above-captioned matter will move this court for an Order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

2.  Hearing Location:    ☐ 255 East Temple Street, Los Angeles        ☒ 411 West Fourth Street, Santa Ana
                         ☐ 21041 Burbank Boulevard, Woodland Hills    ☐ 1415 State Street, Santa Barbara
                         ☐ 3420 Twelfth Street, Riverside

---

This form is mandatory. It has been approved by the United States Bankruptcy Court for the Central District of California.
Page 2

December 2011                                                                                                F 4001-1MOTION.RP

a. ☒ This Motion is being heard on REGULAR NOTICE pursuant to Local Bankruptcy Rule 9013-1. If you wish to oppose this Motion, you must file a written response to this Motion with the Court and serve a copy of it upon the Movant's attorney (or upon Movant, if the Motion was filed by an unrepresented individual) at the address set forth above no less than 14 days before the above hearing and appear at the hearing of this Motion.

b. ☐ This Motion is being heard on SHORTENED NOTICE. If you wish to oppose this Motion, you must appear at the hearing. Any written response or evidence may be filed and served:
   ☐ at the hearing   ☐ at least _____ court days before the hearing.
   (1) ☐ A Motion for Order Shortening Time was not required (according to the calendaring procedures of the assigned judge).
   (2) ☐ A Motion for Order Shortening Time was filed per LBR 9075-1(b) and was granted by the Court and such motion and order have been or are being served upon the Debtor and Trustee, if any.
   (3) ☐ A Motion for Order Shortening Time has been filed and is pending. Once the Court has ruled on that Motion, you will be served with another notice or an order that will specify the date, time and place of the hearing on the attached Motion and the deadline for filing and serving a written opposition to the Motion, if any.

4. You may contact the Bankruptcy Clerk's office to obtain a copy of an approved court form for use in preparing your response (*Optional Court Form F 4001-1M.RES*), or you may prepare your response using the format required by Local Bankruptcy Rule 1002-1 and the Court Manual.

5. If you fail to file a written response to the Motion or fail to appear at the hearing, the court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

Date: May 24, 2012

Respectfully submitted,

<u>U.S. Bank National Association, as indenture Trustee of the GMACM Home Equity Loan Trust 2004 HE4</u>
Movant name

ROBINSON TAIT, P.S
Print Law Firm Name (if applicable)

/s/ Nicolas Daluiso
Signature of Individual Movant or attorney for Movant

Nicolas Daluiso
Nicolas Daluiso

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

1. **The Property at issue:** Movant moves for relief from the automatic stay with respect to following real property (the "Property"):

    *Street Address:* **19263 NW Parkway**
    *City, State, Zip Code:* **Marysville, OH, 43040**

    Legal description or document recording number (including county of recording):

    ☒ See attached continuation page. (**See** Exhibit "1" attached hereto.)

2. **Case History:**

    a. ☒ A voluntary ☐ An involuntary    petition under Chapter ☒ 7 ☐ 11 ☐ 12 ☐ 13
    was filed on *(specify date)*: 2/7/2012

    b. ☐ An Order of Conversion to Chapter    ☐ 7 ☐ 11 ☐ 12 ☐ 13
    was entered on *(specify date)*:

    c. ☐ Plan, if any, was confirmed on *(specify date)*:

    d. ☐ Other bankruptcy cases affecting this Property have been pending within the past two years. See Attached Declaration.

3. **Grounds for Relief from Stay:**

    a. ☒ Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant the requested relief from stay as follows:

    (1) ☒ Movant's interest in the Property is not adequately protected.
        (a) ☒ Movant's interest in the collateral is not protected by an adequate equity cushion.
        (b) ☐ The fair market value of the Property is declining and payments are not being made to Movant sufficient to protect Movant's interest against that decline.
        (c) ☐ No proof of insurance re Movant's collateral has been provided to Movant, despite borrower(s)'s obligation to insure the collateral under the terms of Movant's contract with Debtor(s).
        (d) ☐ Payments have not been made as required by an Adequate Protection Order previously granted in this case.

    (2) ☐ The bankruptcy case was filed in bad faith to delay, hinder or defraud Movant.
        (a) ☐ Movant is the only creditor or one of the very few creditors listed on the mater mailing matrix.
        (b) ☐ Non-individual entity was created just prior to bankruptcy filing for the sole purpose of filing bankruptcy.
        (c) ☐ The Debtor(s) filed what is commonly referred to as a "face sheet" filing of only few pages consisting of the Petition and a few other documents. No other Schedules or Statement of Affairs (or Chapter 13 Plan, if appropriate) have been filed.
        (d) ☐ Other (See attached continuation page).

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.
Page 3

December 2011

F 4001-1MOTION.RP

(3) ☐ *(Chapter 12 or 13 cases only)*

    (a) ☐ Postconfirmation plan payments have not been made to the standing trustee.

    (b) ☐ Postpetition payments due on the note secured by a deed of trust on the Property have not been made to Movant.

(4) ☐ For other cause for relief from stay, see attached continuation page.

b. ☒ Pursuant to 11 U.S.C. § 362(d)(2)(A), Debtor has/have no equity in the Property; and pursuant to §362(d)(2)(B), the Property is not necessary for an effective reorganization.

c. ☐ Pursuant to 11 U.S.C. §362(d)(3), Debtor(s) has/have failed within the later of 90 days after the order for relief or 30 days after the court determined that the Property qualifies as single asset real estate to file a reasonable plan or reorganization or to commence monthly payments.

d. ☐ Pursuant to 11 U.S.C. §362(d(4), Debtor's(s) filing of the petition was part of a scheme to delay, hinder, and defraud creditors that involved:

    (1) ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval; or

    (2) ☐ Multiple bankruptcy filings affecting the Property.

4. ☐ Movant also seeks annulment of the stay so that the filing of the bankruptcy petition does not affect postpetition acts, as specified in the attached declaration(s).

5. **Evidence in Support of Motion:** *(Important Note: Declaration(s) in support of the Motion MUST be attached hereto.)*

a. ☒ Movant submits the attached declaration(s) on the court's approved forms (if applicable) to provide evidence in support of this Motion pursuant to the LBR.

b. ☐ Other Declaration(s) are also attached in support of this Motion.

c. ☐ Movant requests that the Court consider as admissions the statements made by Debtor(s) under penalty of perjury concerning Movant's claim and the Property set forth in Debtor(s)'s Schedules. Authenticated copies of the relevant portions of the Schedules are attached as **Exhibit** _____.

d. ☐ Other evidence *(specify)*:

6. ☐ **An optional Memorandum of Points and Authorities is attached to this Motion.**

**WHEREFORE, Movant prays that this Court issue an Order terminating or modifying the stay and granting the following** *(specify forms of relief requested)*:

1. Relief from the Stay allowing Movant (and any successors or assigns) to proceed under applicable nonbankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

2. **Movant, or its agents, may at its option, offer, provide and enter into a potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement. Movant, through its servicing agent, may contact the Debtor via telephone or written correspondence to offer such and agreement. Any such agreement shall be nonrecourse unless stated in a reaffirmation agreement.**

3. ☐ Annulment of the stay so that the filing of the bankruptcy petition does not affect postpetition acts, as specified in the attached declaration(s).

4. ☒ Additional provisions requested:

    a. ☒ That the 14-day stay described by FRBP 4001(a)(3) is waived.

    b. ☐ That Extraordinary Relief be granted as set forth in the Attachment (*attach Optional Court Form F 4001-1M.ER*).

    c. ☐ For other relief requested, see attached continuation page.

5. If relief from stay is not granted, Movant respectfully requests the court to order adequate protection.

Dated: May 24, 2012

Respectfully submitted,

**U.S. Bank National Association, as indenture Trustee of the GMACM Home Equity Loan Trust 2004 HE4**
*Movant Name*

**ROBINSON TAIT, P.S.**
*Printed name of law firm (if applicable)*

**/s/Nicolas A. Daluiso**
*Signature of individual Movant or attorney for Movant*

**NICOLAS A. DALUISO**
*Printed name of Individual Movant or attorney for Movant*

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.
Page 5

December 2011

F 4001-1MOTION.RP

# REAL PROPERTY DECLARATION

I, **Thaddeus Larimer** _____, declare as follows:
*(Print Name of Declarant)*

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding Movant's interest in the Property that is the subject of this Motion ("Property") because *(specify)*:

   ☐ I am the Movant and owner of the Property.

   ☐ I manage the Property as the authorized agent for the Movant.

   ☐ I am employed by Movant as *(state title and capacity)*:

   ☒ Other *(specify)*: I am employed as an _Assistant Vice President_ by Specialized Loan Servicing, LLC, who is the servicer for Movant on Debtors' loan.

2. I am one of the custodians of the books, records and files of Movant that pertain to loans and extensions of credit given to Debtor concerning the Property. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the Court if required.

3. The Movant is:
   ☐ Original holder of the beneficial interest in the Property. A true and correct copy of a recorded proof of this interest is attached hereto as Exhibit ____ (e.g. deed of trust).
   ☒ Assignee of the original holder of the beneficial interest in the Property. A true and correct copy of recorded proof of this interest is attached hereto as Exhibit _3_. (E.g., allonge, assignment, et. al.)
   ☐ Servicing or subservicing agent pursuant to a servicing agreement or other documented authorization to act as Movant for the owner of the beneficial interest. Attached hereto as Exhibit ____ is a true and correct copy of the relevant part of the document which reflects this authority to act as Movant for the owner of the beneficial interest.

4. a. The address of the real property that is the subject of this Motion is:
      Street Address:           **19263 NW Parkway**
      City, State, Zip Code:    **Marysville, OH, 43040**

   b. The legal description or document recording number (including county of recording) set forth in Movant's Deed of Trust is attached as **Exhibit "1"**.

      ☐ See attached page.

5. Type of property: *(Check all applicable boxes)*

   a. ☐ Debtor's(s') principal residence      b. ☒ Other single family residence

   c. ☐ Multi-unit residential                d. ☐ Commercial

   e. ☐ Industrial                            f. ☐ Vacant land

   g. ☐ Other *(specify)*:

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Page 6

December 2011                                                                                F 4001-1MOTION.RP

6. Nature of Debtor's interest in the Property:

    a. ☐ Sole owner:
    b. ☒ Co-owner(s) *(specify)*: KEVIN R. CARSON AND TAMARA M. CARSON, Husband and Wife
    c. ☐ Lien holder *(specify)*:
    d. ☐ Other *(specify)*:
    e. ☒ Debtor(s)  ☒ did  ☐ did not  list the Property in the Schedules filed in this case.
    f. ☐ Debtor(s) acquired the interest in the Property by  ☐ grant deed ☐ quitclaim deed ☐ trust deed
       The deed was recorded on:

7. Amount of Movant's claim with respect to the Property:

   |   | | PREPETITION | POSTPETITION | TOTAL |
   |---|---|---|---|---|
   | a. | Principal: | $ | $ | $30,592.01 |
   | b. | Accrued Interest: | $ | $ | $389.77 |
   | c. | Late Charges: | $ | $ | $0.00 |
   | d. | Costs (Attorney's Fees, Other Costs): | $32.00 | $726.00 | $758.00 |
   | e. | Advances (property taxes, insurance): | $ | $ | $0.00 |
   | f. | Less suspense or partial balance paid: | $ [         ] | $ [         ] | $ [  0.00  ] |
   | g. | TOTAL CLAIM as of: **4/11/12** | $ | $ | $31,739.78 |

   h. ☐ Loan is all due and payable because it matured on (specify date):

8. Movant holds a    ☒ deed of trust    ☐ judgment lien    ☐ other *(specify)*
   that encumbers the Property.

    a. A true and correct copy of the document as recorded is attached as **Exhibit "1."**
    b. A true and correct copy of the promissory note or other document that evidences the Movant's claim is attached as **Exhibit "2."**
    c. ☒ A true and correct copy of the assignment(s) transferring the beneficial interest under the note and deed of trust to Movant is attached as **Exhibit "3."**

9. Status of Movant's foreclosure actions relating to the Property  *(fill the date or check the box confirming no such action has occurred)*:

    a. Notice of default recorded on the following date:_____ or none recorded ☒
    b. Foreclosure sale originally scheduled for the following date:_____ or none scheduled ☒
    c. Foreclosure sale currently scheduled for the following date:_____ or none scheduled ☒
    d. Foreclosure sale already held on the following date:_____ or none held ☒
    e. Trustee's deed on sale already recorded on the following date:_____ or none recorded ☒

10. Attached (optional) hereto as Exhibit _____ is a true and correct copy of a POSTPETITION statement of account that accurately reflects the dates and amounts of all charges assessed to and payments made by the Debtor since the petition date.

11. ☒ (Chapter 7 and 11 cases only):

    Status of Movant's loan:

    a. Amount of current monthly payment: **$97.43** for the month of May, 2012

    b. Number of payments that have come due and were not made:  4  Total Amount: **$ 389.77**

    c. Future payments due by time of anticipated hearing date *(if applicable)*

       An additional payment will come due on **June 1, 2012** and on the **1st** day of each month thereafter. If the payment is not received within 15 days of said due date, a late charge of **$0.00** will be charged to the loan.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Page 7

December 2011                                                                                                                    F 4001-1MOTION.RP

d. The fair market value of the entire Property is $250,000.00, established by:

☐ Appraiser's declaration with appraisal attached herewith as Exhibit _____.

☐ A real estate broker or other expert's declaration regarding value attached as Exhibit _____.

☒ A true and correct copy of relevant portion(s) of Debtor's Schedules attached as **Exhibit "4."**

☐ Other *(specify)*:

e. ☒ **Calculation of equity in Property**
   a. Based upon ☐ a preliminary title report ☒ Debtor's(s') admissions in the schedules filed in this case, the Property is subject to the following deed(s) of trust or lien(s) in the amounts specified securing the debt against the Property:

| Name of Holder | Amount as Scheduled by Debtor (If any) | Amount Known to Declarant and Source |
|---|---|---|
| 1st Deed of Trust: **Citimortgage** | 313,694.00 | $313,694.00 (Debtors' Schedules) |
| 2nd Deed of Trust: **Movant** | 60,657.00 | 31,739.78 |
| 3rd Deed of Trust | | 0.00 |
| Judgment Liens: | | 0.00 |
| Taxes: | | 0.00 |
| Other: | | 0.00 |
| **TOTAL DEBT:** | | **$345,433.70** |

f. Evidence establishing the existence of the above deed(s) of trust and lien(s) is attached as **Exhibit "4"** and consists of:

   ☐ Preliminary title report

   ☒ Relevant portions of Debtor(s)'s Schedules as filed in this case

   ☐ Other *(specify)*:

g. Subtracting the deed(s) of trust and other lien(s) set forth above from the value of the Property as set forth in Paragraph 10 above, the Debtor(s)'s equity in the Property is **$-95,433.70**  (§362(d)(2)(A)).

h. The value of the "equity cushion" in the Property exceeding Movant's debt and any lien(s) senior to Movant is **$-95,433.70** §362(d)(1)).

i. Estimated costs of sale: **$20,000.00** (Estimate based upon **8%** of estimated gross sales price).

j. The fair market value of the Property is declining based on/due to
_____
_____

12. ☐ *(Chapter 12 and 13 cases only)* Chapter 12 or 13 case status information:
   a. 341(a) Meeting currently scheduled for (or concluded on) the following date:
      Confirmation hearing currently scheduled for (or concluded on) the following date:
      Plan confirmed on the following date (if applicable):

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Page 8

December 2011                                                                                                    F 4001-1MOTION.RP

Postpetition payments due BUT REMAINING UNPAID since the filing of the case:

(Number of) _____ payment(s) due at _____ each = $_____
(Number of) _____ payment(s) due at _____ each = $_____
(Number of) _____ payment(s) due at _____ each = $_____
(Number of) _____ payment(s) due at _____ each = $_____
(Number of) _____ late charges at _____ each = $_____
(Number of) _____ late charges at _____ each = $_____
(Number of) _____ late charges at _____ each = $_____

(See attachment for additional breakdown or information attached as Exhibit:_____).

b. Postpetition advances or other charges due but unpaid:          $_____
   (See attachment for details of types and amount attached as Exhibit ____)

c. Attorneys' fees and costs:          $_____
   (See Attachment for details of type and amount attached as Exhibit _____.

d. Less suspense or partial paid balance          [$_____]

**TOTAL POSTPETITION DELINQUENCY:**          $_____

e. Future payments due by time of anticipated hearing date (if applicable):
   An additional payment of $_____ will come due on _____, and on the _____ day of each month thereafter. If the payment is not received by the ____ day of the month, a late charge of $_____ will be charged to the loan.

f. Amount and date of the last 3 postpetition payments received in good funds, regardless of how applied, from the Debtor, if applicable:

   $_____ received on _____
   $_____ received on _____
   $_____ received on _____

g. ☐ The claim is provided for in the Chapter 12 or 13 Plan. Plan payment history is attached as Exhibit _____.

h. ☐ See attached declaration(s) of Chapter 12 or 13 Trustee regarding receipt of payments under the plan (Attach LBR Form F 4001-1M.13).

13. ☐ Movant has not been provided with evidence that the Property is currently insured, as required under the terms of the loan.

14. ☐ The court determined that the Property qualifies as single asset real estate on _____. More than 90 days have passed since the filing of the petition, more than 30 days have passed since the court determined that the Property qualifies as single asset real estate, the Debtor has/have not filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time or the Debtor has/have not commenced monthly payments to Movant as required by 11 U.S.C §362(d)(3).

15. ☐ See attached continuation page for facts establishing that the bankruptcy case was filed in bad faith to delay, hinder and or defraud Movant.

16. ☐ The filing of the petition was part of a scheme to delay, hinder and defraud creditors that involved:

   a. ☐ The Transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval. See attached continuation page for facts establishing the scheme.

b. ☐ Multiple bankruptcy filing affecting the Property. The multiple bankruptcy filings include the following cases:
   1. Case Name:
      Case Number:                              Chapter:
      Date Filed:                               Date Dismissed:              Date Discharged:
      Relief from stay re this property ☐ was   ☐ was not granted.

   2. Case Name:
      Case Number:                              Chapter:
      Date Filed:                               Date Dismissed:              Date Discharged:
      Relief from stay re this property ☐ was   ☐ was not granted.

   3. Case Name:
      Case Number:                              Chapter:
      Date Filed:                               Date Dismissed:              Date Discharged:
      Relief from stay re this property ☐ was   ☐ was not granted.

☐ See attached continuation page for more information about other bankruptcy cases affecting the property.

☐ See attached continuation page for facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder, and defraud creditors.

17. ☐ Movant seeks annulment of the automatic stay so that the filing of the bankruptcy petition does not affect any and all of the enforcement actions set forth in paragraph 8 above that were taken after the filing of the bankruptcy petition in this case.

   a. ☐ These actions were taken by Movant without knowledge of the bankruptcy filing, and Movant would have been entitled to relief from stay to proceed with these actions.

   b. ☐ Although Movant knew about the bankruptcy filing, Movant had previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting this Property as set forth in paragraph 17(b) above.

   c. ☐ For other facts justifying annulment, see attached continuation page.

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

U.S. Bank National Association, as indenture Trustee of the GMACM Home Equity Loan Trust 2004 HE4,

By: Specialized Loan Servicing, LLC AS **Attorney-in-Fact**

Date: **MAY 17 2012**   **Thaddeus Larimer**                    _[signature]_
                         *Printed Declarant's name*              *Signature of Declarant*
                         **Assistant Vice President**

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Page 10

December 2011                                                                F 4001-1MOTION.RP

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

Robinson Tait, PS
710 Second Avenue, Suite 710
Seattle, WA 98104

A true and correct copy of the foregoing document described **NOTICE AND MOTION FOR RELIEF FROM AUTOMATIC STAY UNDER 11 U.S.C. § 362 (WITH SUPPORTING DECLARATIONS) REGARDING REAL PROPERTY** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **May 24, 2012** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Timothy W. Combs, twcombs@sbcglobal.net
Jeffrey I. Golden (TR), ljones@wgllp.com
United States Trustee (SA), Ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

2. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On **May 24, 2012** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**BY U. S. MAIL:**
**DEBTORS:**
Kevin Ray Carson
Tamara Marie Carson
345 N. Lemon St.
Orange, CA  92866

**JUDGE'S CHAMBERS:**
United States Bankruptcy Court - Central District of California
Attn: Honorable Theodor Albert
411 W. Fourth St., Suite 5085
Santa Ana, CA  92701

**LIEN HOLDER:**
Citimortgage, Inc.
P. O. Box 9438
Gaithersburg, MD  20898

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **May 24, 2012** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: May 24, 2012
Signature: /s/ Andrew Roche
Printed Name: Andrew Roche

---

## Exhibit A - LEGAL DESCRIPTION

Deal Number: 11-00786895                    Title Number: 11-01927716 REV. NO. 1

Tax ID Number: 28-0011048.000

*Land situated in the County of Union, State of Ohio is described as follows:*

Beginning at an iron stake at the Northwest corner of a 1.37 acre Tract of land owned by Robert Russell Carson, the above described place of beginning also being distance 486.00 feet, South 05 degrees and 31 minutes East, thence 203.03 feet, North 68 degrees 45 minutes West, from the Northeast corner of land owned by said William Raymond Carson and Olive Ruth Carson, thence from the place of beginning along a line parallel with the center line of State Route 33 and a distance of 435.71 feet from said center line of State Route 33 with a bearing North 68 degrees 45 minutes West, 221.11 feet to an iron stake, said iron stake also being the center line of a 30.00 Driveway Easement, thence along the center line Driveway Easement, thence along the center line of said Driveway Easement South 21 degrees 15 minutes West, 204.09 feet to an iron stake, thence along the center line of said Driveway Easement South 27 degrees 15 minutes East, 134.00 feet to an iron stake, thence along the center line of said Driveway Easement South 78 degrees 15 minutes East, 252.00 feet to an iron stake on the West property line of a 1.37 acre Tract of land owned by Robert Russell Carson, thence along the West property line of Robert Russell Carson Tract, North 05 degrees 31 minutes West, 282.36 feet to an iron stake at the place of beginning.

Commonly known as: 19263 Nw Parkway, Marysville, OH 43040

TERESA L. MARKHAM
RECORDER, UNION CO., OHIO

2005 DEC 23 AM 10: 06

7600